UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Frederick Bradley Kellogg, | Civil No. 11-2178 (PAM/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Internal Revenue Service, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons that follow, the Motion is granted.

**BACKGROUND**

The IRS is currently investigating Plaintiff Frederick Bradley Kellogg for criminal violations of the tax code. In February 2011, Kellogg made a request under the Freedom of Information Act ("FOIA") for all documents relating to him and the investigation. After nearly 10 months, the IRS ultimately identified more than 6,700 pages of relevant documents. The IRS released nearly all of these documents, in whole or in part, to Kellogg and his attorney, with the exception of 427 pages that were withheld in full. These 427 pages are the only documents at issue in this Motion.

The IRS submitted a revised index describing the documents, called a Vaugh index after Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), which first required the Government to submit an index of withheld documents in a FOIA case, with its materials in support of the Motion. (Gulas Aff. Ex. A.) The Vaughn index description is the same for each of the

documents withheld: "Documents Revenue Agent (RA) received from 3d party witness consisting of business records.*  These records cannot be released further without revealing the source and nature of the information." (Id.)  The star footnote reads: "Business records may include any or all of the following: invoices, cancelled checks, contracts, statements, receipts, etc.  These records cannot be described more fully without revealing the source and nature of the information." (Id.)  Finally, the index states that the reason for withholding each document is "[t]o avoid impairment of pending investigation by revealing information already compiled, sources and nature of information or potentially compromise further leads." (Id.)[1]

The Government contends that it has made a sufficient showing that these documents are exempt from disclosure under FOIA.  Kellogg disagrees, but offers little in the way of legal argument in support of his opposition.

**DISCUSSION**

"Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Miller v. U.S. Dep't of Agric., 13 F.3d 260, 262 (8th Cir. 1993).  The Court should construe FOIA exemptions narrowly, see id., and "the burden is on the agency to sustain" its denial of a FOIA request.  5 U.S.C. § 552(a)(4)(B).  "An agency may meet its

---

[1] As to some of the documents in the Vaughn index, the reason for withholding the document also includes "[t]o protect personal privacy." (Id.)

burden 'by submitting affidavits and other evidence to the court to show that the documents are properly classified and thus clearly exempt from disclosure.'" Gavin v. SEC, Civ. No. 04-4522, 2005 WL 2739293, at *1 (D. Minn. Oct. 25, 2005) (Magnuson, J.) (quoting Hayden v. Nat'l Sec. Agency, 608 F.2d 1381, 1386 (D.C. Cir. 1979)).

> A court's primary role . . . is to review the adequacy of the affidavits and other evidence presented by the Government in support of its position. . . . If the Government fairly describes the content of the material withheld and adequately states its ground for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

Barney v. IRS, 618 F.2d 1268, 1272 (8th Cir. 1980) (quotations omitted). "If the agency sustains this burden, the Court is not required to review the documents in camera or require the agency to submit a detailed Vaughn index." Gavin, 2005 WL 2739293, at *2.

**A.    FOIA Exemption 3**

The IRS first contends that the documents are exempt from disclosure under FOIA Exemption 3, which provides in pertinent part that FOIA

> does not apply to matters that are (3) specifically exempted from disclosure by statute . . . , if that statute (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). According to the IRS, 26 U.S.C. § 6103 specifically exempts the documents at issue from disclosure. This subsection provides that a taxpayer's tax return information "may be open to inspection by or disclosure to any person authorized by this

subsection to inspect any return of such taxpayer if the Secretary determines that such disclosure would not seriously impair Federal tax administration." 26 U.S.C. § 6103(e)(7). Kellogg does not dispute that § 6103 satisfies the criteria of Exemption 3. See Chamberlain v. Kurtz, 589 F.2d 827, 838-40 (5th Cir. 1979) (analyzing language and legislative history of § 6103 and Exemption 3 and determining that § 6103 satisfies Exemption 3's criteria). Thus, information is not subject to disclosure "where the IRS can demonstrate the release of the information would seriously impair federal tax administration." Currie v. IRS, 704 F.2d 523, 527 (11th Cir. 1983) (citing Chamberlain, 589 F.2d at 838-40).

"To qualify for exemption under 5 U.S.C. § 552(b)(3) pursuant to 26 U.S.C. § 6103(e)(7), the IRS must demonstrate that two criteria have been met: (1) the documents must constitute 'return information' as defined by 26 U.S.C. § 6103(b)(2), and (2) disclosure of which would seriously impair federal tax administration." Currie, 704 F.2d at 531. The Government does not acknowledge or even discuss whether the information in the Vaughn index is return information, merely stating that the IRS "determined that disclosing some of this Plaintiff's return information would reveal the scope, direction, and nature of the Service's investigation." (Def.'s Supp. Mem. at 13.)

The Vaughn index seems to indicate that the documents are not Kellogg's own return information, because it describes the documents as business records received from third-party witnesses. But "return information" is defined very broadly, and includes "any other data, received by, recorded by, prepared by, furnished to, or collected by the [IRS] with respect to a return or with respect to the determination of the existence, or possible existence, of

4

liability . . . ." 26 U.S.C. § 6103(b)(2)(A). The IRS contends that because the information at issue is part of the investigation into Kellogg's compliance with the tax laws in the filing of his tax returns, the documents are necessarily return information "compiled or generated for federal tax administration purposes." (Def.'s Supp. Mem. at 13.) Given the broad definition of "return information" in the statute, the IRS has met its burden to establish that the information is exempt from disclosure under Exemption 3.

**B.    FOIA Exemption 7(A)**

This exemption exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). "To sustain its burden of showing documents were properly withheld under exemption 7(A), the government [must] establish only that they were investigatory records compiled for law enforcement purposes and that production would interfere with pending enforcement proceedings." Barney, 618 F.2d at 1272-73. The IRS "is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a particular enforcement proceeding." Id. at 1273. And "one of the primary purposes of exemption 7 was 'to prevent harm to the Government's case in court . . . by not allowing litigants earlier or greater access to agency investigatory files than they would otherwise have.'" Id. (quoting NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 224-25 (1978)).

5

The IRS has met its burden to establish that the information described in the <u>Vaughn</u> index is exempt from disclosure under this exemption. The affidavits describe the nature of the investigation and the agents' belief that the documents withheld are documents that, if produced, would interfere with that investigation. Moreover, the nature of Kellogg's request, which asked for investigative records pertaining to him, makes apparent that the documents requested are "law enforcement records" under this exemption. See <u>Barney</u>, 618 F.2d at 1273 (finding that the withheld documents were law enforcement documents in part because plaintiffs requested "disclosure of all investigatory records compiled on them by the IRS").

**C.    FOIA Exemption 7(C)**

This exemption exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). This exemption "permits agencies to withhold material to protect personal privacy." <u>Gavin</u>, 2005 WL 2739293, at *5. "Unless there is a public interest in the disclosure of personal information, Exemption 7(C) deletions are appropriate." <u>Canadian Javelin, Ltd. v. SEC</u>, 501 F. Supp. 898, 904 (D.D.C. 1980).

The IRS contends that revealing the information in the <u>Vaughn</u> index might reveal identities of sources and the nature of the information they have provided to the IRS, and might also reveal witness information prematurely. For his part, Kellogg does not contend that there is any public interest in the disclosure of this information. The IRS has succeeded in establishing that the information is exempt from disclosure under 7(C).

**CONCLUSION**

The IRS has met its burden to establish that the 427 pages at issue are exempt from disclosure under Exemption 3, Exemption 7(A), and/or Exemption 7(C).  Accordingly, **IT IS HEREBY ORDERED that** the Government's Motion for Summary Judgment (Docket No. 17) is **GRANTED** and this matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 12, 2012

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge